J-A24024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE COLLIER | |
| Appellant | No. 3491 EDA 2014 |

Appeal from the Judgment of Sentence of June 26, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0006868-2013

BEFORE: PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.: **FILED NOVEMBER 09, 2015**

Andre Collier appeals the June 26, 2014 judgment of sentence. We affirm.

On May 5, 2013, Collier, Omar Miller, Rasheed Teel, and Charles Freeman devised a plan to rob nineteen-year-old Kareem Borowy. Freeman drove the group to Borowy's house in Pottstown, Pennsylvania, and waited in the car while Miller, Teel, and Collier entered into the residence. Once inside, Collier, armed with a .45 caliber Glock pistol, demanded that Borowy hand over a large quantity of marijuana and $3,000.00 in cash. Borowy pleaded with the robbers, insisting that there was no money in the home.

---

Retired Senior Judge assigned to the Superior Court.

Sensing that the trio was growing impatient, Borowy falsely told them that he kept his money in a "stash house" at a different location. The men then took Borowy outside and forced him into the getaway car. Freeman drove away from the residence, presumably intending to travel to Borowy's contrived stash house. When the vehicle slowed down on a rural roadway in Lower Pottsgrove Township, Borowy managed to escape from the vehicle. Collier chased after Borowy and shot him twice. When he returned to the vehicle, Collier told the others that he saw Borowy fall to the ground, and instructed Freeman to drive away.

Although severely injured, Borowy managed to crawl on his hands and knees to the main roadway. A passing motorist spotted Borowy lying beside the road a short time later and called 911. When the police arrived, Borowy was unresponsive. He was pronounced dead at the scene.

On June 3, 2013, a team of federal, state, and local law enforcement officers arrested Miller on the sidewalk outside of his uncle's home in Philadelphia, Pennsylvania. The officers transported Miller to the homicide unit of the Montgomery County Detectives' Bureau. Miller initially denied participating either in the robbery or in the murder. However, after several hours of questioning by detectives, Miller confessed that he had participated in the robbery, was at the scene of the murder, and saw Collier shoot Borowy. He told the detectives "[Collier] killed that boy and I told him not to." Notes of Testimony ("N.T."), 4/18/2014, exh. C-22 at 12.

Collier evaded arrest until August 5, 2013, when the Pennsylvania State Police and the United States Marshals arrested him in Carbon County, Pennsylvania. On the following day, Collier was arraigned in Pottstown on charges of homicide, kidnapping, robbery, persons not to possess a firearm, receiving stolen property, false imprisonment, and conspiracy to commit each of those offenses.[1] Members of the press gathered outside of the courthouse before Collier's arraignment. As the police led Collier into the courthouse, he looked directly into a television camera and exclaimed, "Stop snitching." N.T., 4/18/2014, at 164.

Teel pleaded guilty to third-degree murder, and agreed to testify for the Commonwealth against his co-conspirators. Prior to trial, the Commonwealth filed notice of its intent to consolidate the cases against Collier, Miller, and Freeman. *See* Pa.R.Crim.P. 582 ("Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.").

On December 30, 2013, Collier filed a motion seeking, *inter alia*, severance from the prosecution of his co-defendants. Specifically, Collier maintained in his motion that separate trials were necessary because Miller's confession "would clearly implicate [Collier] when read to a jury." *See*

---

[1]     18 Pa.C.S. §§ 2502, 2901(a)(3), 3701(a)(1)(i), 6105, 3925, 2903, and 903(b), respectively.

J-A24024-15

Collier's Motion for Severance, 12/30/2013, at 2 (citing **Bruton v. United States**, 391 U.S. 123 (1968) (holding that a non-testifying defendant's confession implicating another co-defendant in the charged offense is inadmissible against the co-defendant because it violates his Sixth Amendment right to confront and to cross-examine witnesses testifying against him)). On March 14, 2014, following a hearing, the trial court denied Collier's motion to sever.

Collier, Miller, and Freeman proceeded to a jury trial, which commenced on April 15, 2014. On April 16, 2014, Teel testified for the Commonwealth. He explained that he and his co-conspirators concocted a plan to rob Borowy, and that Collier shot Borowy after he escaped from Freeman's vehicle in Lower Pottsgrove Township. On April 18, 2015, Detective Todd Richard of the Montgomery County Detectives' Bureau read to the jury Miller's confession, which, pursuant to **Bruton**, *supra*, the Commonwealth redacted to eliminate all references to Collier and Freeman.[2] The trial court then instructed the jury to consider Miller's confession as evidence against Miller only, and not as evidence against Collier or Freeman.

---

[2] Prior to trial, both Collier and the Commonwealth submitted to the trial court proposed redactions to Miller's statement. Although both versions were very similar, Collier took issue with a reference to Freeman's paramour (on page four of Miller's statement) and a reference to Teel as "Andre's cousin" (on the tenth page of Miller's statement). In response, the Commonwealth deleted both of those answers and the questions that preceded them.

- 4 -

At the close of the Commonwealth's case, Collier moved for a mistrial, arguing, once again, that the court should have severed his trial from that of his co-defendants. *See* N.T., 4/21/2014, at 45-46 ("[J]ust for the record, . . . I still contend—and I want to just make a record that—these charges should have been severed[.]").

On April 21, 2014, the jury found Collier guilty of first-degree murder, robbery, kidnapping, conspiracy to commit kidnapping, robbery, and conspiracy to commit robbery.[3] On June 26, 2014, the trial court sentenced Collier to life imprisonment. Collier then filed a post-trial motion, which the court denied on November 20, 2014.

On December 10, 2014, Collier timely filed a notice of appeal. On December 17, 2014, the trial court ordered Collier to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Collier timely complied. On February 9, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion.

Collier presents one issue for our consideration:

> Did the trial court err by not granting a mistrial once the statement of co-defendant Omar Miller was read into the record and [Miller] presented the defense that he was present at the robbery and the murder; thus creating inconsistent and conflicting defenses among [Miller] and [Collier] during the same trial and allowing the testimony of a testifying co-defendant,

_____

[3] The jury convicted Miller and Freeman of second-degree murder, kidnapping, conspiracy to commit kidnapping, robbery, and conspiracy to commit robbery.

J-A24024-15

Rasheed Teel, to be corroborated by [Miller's] statement without giving [Collier] the benefit of cross-examining [Miller?]

Brief for Collier at 2 (capitalization modified).

A mistrial is warranted only "when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial trial." *Commonwealth v. Tejeda*, 834 A.2d 619, 623 (Pa. Super. 2003). The decision whether to grant a mistrial is within the sound discretion of the trial court. *Commonwealth v. Stafford*, 749 A.2d 489, 500 (Pa. Super. 2000). On appeal, our standard of review is whether the trial court abused that discretion.

When the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden . . . . [I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, [it was] charged with the duty imposed on the court below; it is necessary to go further and show an abuse of discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will as shown by the evidence of record, discretion is abused. We emphasize that an abuse of discretion may not be found merely because the appellate court might have reached a different conclusion.

*Tejeda*, 834 A.2d at 623-24.

In his motion for a mistrial, Collier essentially sought to relitigate his pre-trial motion to sever. Thus, we must determine whether the trial court

- 6 -

erred in denying severance in the first instance.[4]  Rule 582 of the Pennsylvania Rules of Criminal Procedure, which permits joinder of offenses or defendants, provides as follows.

> (1) Offenses charged in separate indictments or informations may be tried together if:
>
> > (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
> >
> > (b) the offenses charged are based on the same act or transaction.
>
> (2) Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

Pa.R.Crim.P. 582(A).

Where a party can show that he or she will be prejudiced by a joint trial, "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief[.]"  Pa.R.Crim.P. 583.  In determining whether to grant or deny a motion to sever, the trial court should consider the following factors:

> (1) Whether the number of defendants or the complexity of the evidence as to the several defendants is such that the trier of fact probably will be unable to distinguish the evidence and apply

---

[4]   The decision whether to grant a motion for severance is within the sound discretion of the trial court and "should not be disturbed absent a manifest abuse of discretion."  **Commonwealth v. Chester**, 587 A.2d 1367, 1372 (Pa. 1991).

the law intelligently as to the charges against each defendant; (2) Whether evidence not admissible against all the defendants probably will be considered against a defendant notwithstanding admonitory instructions; and (3) Whether there are antagonistic defenses.

***Commonwealth v. O'Neil***, 108 A.3d 900, 910 (Pa. Super. 2015).

Collier focuses his argument upon the third factor delineated in ***O'Neil***. He maintains that the trial court should have granted his motion for a mistrial because it was apparent that his defense was "on a collision course" with Miller's defense. Brief for Collier at 13. Collier underscores that he wanted the jury to reject Teel's testimony that Collier was the gunman, whereas Miller wanted the jury to accept that testimony. Collier also contends that Miller's confession in effect corroborated Teel's otherwise impeachable testimony.

Although it is well settled that joint trials are preferred when defendants are charged with conspiracy, "[s]everance may be proper where a party can establish the co-defendants' defenses are so antagonistic that a joint trial would result in prejudice." ***Commonwealth v. Housman***, 986 A.2d 822, 834 (Pa. 2009); ***Chester***, 587 A.2d at 1372-73. However, the party seeking severance must present more than a mere assertion of antagonism:

> The fact that hostility exists between the defendants or that one defendant may try to save himself at the expense of the other constitutes insufficient grounds to require severance. Moreover, the mere fact that one defendant might have a better chance of acquittal if tried separately is an insufficient ground to require severance. Further, defenses only become antagonistic when the jury, in order to believe the testimony offered on behalf of

the one defendant, must disbelieve the testimony offered by his or her co-defendant. *Chester*, 587 A.2d at 1373.

*Commonwealth v. Jones*, 668 A.2d 491, 501 (Pa. 1995) (some citations omitted).

Collier's claim that his defense was antagonistic to Miller's defense is without merit. Our review of the trial record reveals that Miller did not testify, nor did he call any witnesses to testify on his behalf. In his brief, Collier attempts to characterize the Commonwealth's introduction of Miller's confession as a "defense." *See* Brief for Collier at 18 ("[Miller's] statement basically fit hand-in-glove with [Teel's] testimony, as was his intention, and gave credibility to [Teel] where none previously existed."). However, this evidence was neither helpful to, nor introduced by, Miller. As explained *supra*, "defenses only become antagonistic when the jury, in order to believe the testimony **offered on behalf of the one defendant**, must disbelieve the testimony **offered by his or her co-defendant.**" *Jones*, 668 A.2d at 501 (emphasis added) (citing *Chester*, 587 A.2d at 1373); *see also Commonwealth v. Hetzel*, 822 A.2d 747, 763 (Pa. Super. 2003) (holding that co-defendants' defenses were not antagonistic where the only evidence of the defendant's guilt was presented by the Commonwealth). Far from a "defense," Miller's confession was a key piece of evidence that led to his conviction for second-degree murder.

The fact that the co-defendants attempted to place the blame elsewhere is insufficient to warrant separate trials based upon antagonistic

defenses. Indeed, "mere finger[-]pointing alone—the effort to exculpate oneself by inculpating another—is insufficient to warrant a separate trial." *Housman*, 986 A.2d at 834 (Pa. 2009) (citing *Commonwealth v. Lambert*, 603 A.2d 568, 573 (Pa. 1992)). Accordingly, Collier's claim that he was entitled to a trial separate from his co-defendants is without merit, and the trial court did not err in denying his motion for a mistrial.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2015